IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No.   22-218 |
| **CHRISTIAN GRAHAM**, | |
| Defendant. | |

# OPINION

I.     Introduction

Now pending before the court is a motion to dismiss count III of the indictment (ECF No. 92) filed by counsel on behalf of defendant Christian Graham ("Graham"). Graham challenges the constitutionality of 18 U.S.C. § 922(g)(1) facially, as applied to him, and as unconstitutionally vague.[1] The government filed a response in opposition (ECF No. 97), and Graham filed a reply brief (ECF No. 104). At the hearing on August 21, 2024, counsel for both parties requested that the court rule on the motion, as filed, even though the decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc), was vacated by the Supreme Court in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), and is under further consideration by the Third Circuit Court of Appeals. (Tr., ECF No. 111).

II.     Standard for dismissal of indictment

Graham argues that count III of the indictment should be dismissed. In *United States v. Huet*, 665 F.3d 588, 594–95 (3d Cir. 2012), rev'd on other grounds, *Rehaif v. United States*, 139

---

[1] The court acknowledges that Graham preserved a Commerce Clause challenge to § 922(g)(1) (ECF No. 222 at 9). That challenge "is squarely foreclosed by precedent." *United States v. Waulk*, No. 3:20-CR-31-1, 2024 WL 3937489 at *8 (W.D. Pa. Aug. 26, 2024) (citing *United States v. Singletary*, 268 F.3d 196, 204 (3d Cir. 2001)).

S. Ct. 2191 (2019), the Third Circuit Court of Appeals reversed a district court's dismissal of an indictment based on the defendant's assertion of Second Amendment rights. The court explained the limited basis to challenge an indictment:

> Federal Rule of Criminal Procedure 7(c)(1) requires only that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "[T]he Federal Rules 'were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure.' " *United States v. Resendiz–Ponce*, 549 U.S. 102, 110, 127 S.Ct. 782, 166 L.Ed.2d 591 (2007) (quoting *United States v. Debrow*, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953)). Although detailed allegations may have been required under a common law pleading regime, they "surely are not contemplated by [the Federal Rules]." *Id.*
>
> "It is well-established that '[a]n indictment returned by a legally constituted and unbiased grand jury, ... if valid on its face, is enough to call for trial of the charge on the merits.' " *United States v. Vitillo*, 490 F.3d 314, 320 (3d Cir. 2007) (quoting *Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956)). We have held that an indictment is facially sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *Id.* at 321 (citation omitted). "[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation" to permit a defendant to prepare his defense and invoke double jeopardy. *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)). Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred. *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005); *see also United States v. McCarty*, 862 F.2d 143, 144, 148 (7th Cir. 1988) (finding indictment under 18 U.S.C. § 922(g) sufficient where it tracked the statutory language, stated the date and place of the alleged possession, and specifically identified the type of firearm involved). In contrast, if an indictment fails to charge an essential element of the crime, it fails to state an offense. *United States v. Wander*, 601 F.2d 1251, 1259 (3d Cir. 1979).

*Id.* at 594-95. In *Huet*, the court explained that the district court erred by failing to accept as true the allegations in the Indictment. *Id.* at 601. In ruling on a motion to dismiss the indictment, the court is "limited to determining whether, based on the allegations in the

Indictment—and only the allegations in the Indictment—her Second Amendment rights have been violated." *Id.*

### III.   The Second Amendment challenge

#### A.  Scope of amendment

The crux of Graham's argument is that he has an expansive Second Amendment right to possess a firearm, as interpreted in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), and *Range*, 69 F.4th at 96, that bars the government from prosecuting him for possessing a firearm. The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Graham's Second Amendment rights do not entirely immunize him from prosecution because the "right secured by the Second Amendment is not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). The court will address the limits in the following discussion about facial and as applied challenges.

#### B.  Facial challenge

Section 922(g)(1) is not facially unconstitutional. Graham did not cite any decisions holding § 922(g)(1) to be facially unconstitutional, nor did this court discover any such decisions in its independent research. As this court explained in *United States v. O'Connor*, No. CR 03-134, 2023 WL 5542087 (W.D. Pa. Aug. 29, 2023):

> Numerous decisions rejected challenges to § 922(g)(1) after the Supreme Court's decision in *Bruen*. In *United States v. Young*, No. CR 22-054, 639 F.Supp.3d 515, 2022 WL 16829260, at *1 (W.D. Pa. Nov. 7, 2022), after an extensive analysis, the court held that *Bruen* did not undermine the constitutionality of § 922(g). The court rejected a facial attack, concluding that "*Bruen* does not effectively overrule, or even cast into doubt, the legal underpinnings of felons in possession statutes." *Id.* at *7.

3

*Id.* at *2.  In *Range*, to the extent it retains any persuasive authority, the Third Circuit Court of Appeals recognized several pronouncements by the Supreme Court about the presumed validity of § 922(g)(1).  *Range*, 69 F.4th at 103-04.  This court summarized the result in *Range*, as follows:

> The court did not hold that § 922(g)(1) is unconstitutional in all circumstances, as necessary to succeed in a facial challenge. *See United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (en banc) ("A party asserting a facial challenge 'must establish that no set of circumstances exists under which the Act would be valid.'") (quoting *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)). To the contrary, the majority opinion in *Range* recognized that the statute is constitutional when applied to violent felons. *Range*, 69 F.4th at 104. Judge Ambro, joined by two other judges, concurred separately to explain that the government's failure to meet its burden in *Range* did not spell doom for § 922(g)(1) and it remains "presumptively lawful." *Id.* at 109 (Ambro, concurring). The dissenting judges would have held that § 922(g)(1) remains valid, even as to Range.

*O'Connor*, 2023 WL 5542087 at *3.

In *United States v. Brinson*, No. 23-2075, 2024 WL 4164268 (3d Cir. Sept. 12, 2024), the Third Circuit Court of Appeals recently explained:

> there is no binding precedent from this Court (in the absence of *Range*) that § 922(g)(1) unconstitutionally burdens a Second Amendment right either facially or as applied to a particular defendant under the *Bruen* framework and the Supreme Court in *Rahimi* chose not to answer this question. *Rahimi*, 144 S. Ct. at 1902–03 (noting *Heller's* statement that prohibitions on possession of firearms by felons are presumptively lawful . . .).

*Id.* at *2.

    C.  As applied challenge

        1.  General

In *United States v. Moore*, 111 F.4th 266 (3d Cir. 2024)[2] (upholding a § 922(g)(1) conviction for a defendant who possessed a firearm while on supervised release), the Third Circuit Court of Appeals outlined the applicable analysis.  As an initial matter, the court

---

[2] The decision in *Moore* was issued after the briefing of the pending motion was complete.

recognized that the defendant was "one of the 'people' whom the Second Amendment presumptively protects" and that § 922(g)(1) "punishes [a defendant] for quintessential Second Amendment conduct: possessing a handgun." *Id.* at 269 (citations omitted). The government, therefore, bears the burden to justify the constitutionality of § 922(g)(1). *Id.*

The government "can satisfy its burden only by demonstrating that its regulation is consistent with the Nation's historical tradition of firearm regulation," i.e., the government "must identify a well-established and representative historical analogue, which need not be a historical twin or a dead ringer." *Id.* (citations and internal punctuation omitted). "[A] modern firearms regulation passes constitutional muster only if it is 'consistent with the principles that underpin our regulatory tradition.'" *Id.* (citation omitted).

The court concluded that a 1790 forfeiture law, which temporarily disarmed convicts while they completed their sentences, was sufficiently analogous even though it was "not a dead ringer for § 922(g)(1)." *Id.* at 270. The court observed that "the circumstances of a criminal offense can justify rejecting an as-applied challenge to a conviction regardless of whether they were charged." *Id.* at 272.

The indictment in this case reflects that Graham is charged with three felonies:

(1) possession with intent to distribute 50 grams or more of methamphetamine and quantities of cocaine and fentanyl, in violation of 21 U.S.C. 841(a)(1), 841(b)(1)(B)(viii), and 841(b)(1)(C),

(2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1)(A)(i), and

(3) possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. 922(g)(1).

In support of count III, the indictment alleges that Graham was previously convicted of five felony offenses: robbery, conspiracy to commit robbery, carrying a firearm without a license,

possession of a firearm by a minor, and fleeing and eluding a police officer. ECF No. 1.

In *United States v. Waulk*, No. 3:20-CR-31-1, 2024 WL 3937489, at *4 (W.D. Pa. Aug. 26, 2024), the court rejected a similar "as applied" challenge to § 922(g)(1) by a defendant who was charged in the same indictment with drug trafficking and possessing the firearm in furtherance of drug trafficking and had previously been convicted of robbery and aggravated assault. The court rejected Waulk's as applied challenge for two independent reasons.

### 2. The offense conduct as a whole

The court noted that all factual allegations in the Indictment must be taken as true at the Rule 12 stage. The court concluded that where a "defendant is also charged with violating § 924(c), which implicates facts that defendant possessed firearms while drug trafficking, those facts cannot be divorced from the analysis of § 922(g)(1)." *Id.* at *5 (quoting *United States v. Birry*, No. 23-CR-288, 2024 WL 3540989, at *11 (M.D. Pa. July 25, 2024)) (punctuation omitted). The court rejected Waulk's as applied challenge, in accordance with decisions throughout the country, because "his conduct at issue in the present case—possessing a firearm in furtherance of a drug trafficking crime—falls firmly outside the ambit of the 'conduct' to which the Second Amendment's protection applies." *Id.* at *5-6 (citations omitted).[3]

### 3. Historical analogues for disarming dangerous felons

In *Waulk*, the court held, in the alternative, that § 922(g)(1) is not unconstitutional "as applied" because the defendant had prior convictions for robbery and aggravated assault. The court explained:

> The "how" of § 922(g)(1) prohibits individuals, like Waulk, who have been convicted twice of aggravated assault and once of robbery, "from possessing firearms because such individuals have demonstrated that they cannot be trusted

---

[3] Graham does not seek dismissal of the § 924(c) charge in count II. Section 924(c) is arguably distinguishable from § 922(g)(1) in whether it "punishes [a defendant] for quintessential Second Amendment conduct." *Moore*, 111 F.4th at 269.

to obey the law, and they pose a threat to the orderly functioning of society." *United States v. Wise*, No. 21-CR-511, 2023 WL 6260038, at *16 (W.D. Pa. Sept. 26, 2023). And the "why" of § 922(g)(1) is to "protect the public from [the] violence and disorder" posed by individuals with prior convictions like Waulk possessing a firearm. *Id.*

The Court finds that these "how and why" metrics at the center of *Bruen's* historical analysis, as applied to Waulk and his prior convictions, are distinctly similar to the Founding-era firearms regulations identified by the Government, which share a "common theme" of "disarming individuals who lawmakers deemed to be dangerous or disruptive to society and protecting the public from disorder and danger." *Id.* at *15.

Thus, even assuming that Waulk's conduct at issue is protected by the Second Amendment, the Government has satisfied its burden of "demonstrating that" § 922(g)(1)'s application to him "is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2130; *see, e.g., United States v. Leslie*, No. 22-CR-391, 2024 WL 1718062, at *6 (E.D. Pa. Apr. 22, 2024) ("We join a number of our colleagues who have found banning firearms for individuals convicted of robbery or aggravated assault is constitutional because those who commit such crimes are dangerous and would have been disarmed at the time of the Founding."); *see also id.* at *6 n.13 (collecting cases); *United States v. McCants*, No. 22-CR-310, 2023 WL 8436055, at *6–10 (finding that § 922(g)(1) was constitutionally applied to a defendant previously convicted of aggravated assault, relying upon Founding-era laws identical to those offered as historical analogues by the Government in the present case). Waulk's as-applied constitutional challenge therefore fails.

*Id.* at *7.

The same reasoning applies to Graham. The indictment reflects five prior felony convictions, including robbery and fleeing and eluding police. Disarming individuals convicted of robbery and fleeing and eluding from the police is constitutional because those who commit those kinds of crimes "are dangerous and would have been disarmed at the time of the Founding." *Id.*

The court concludes that Graham's "as applied" challenge to the indictment fails because the government met its burden to show that disarming a person with Graham's prior convictions for robbery and fleeing and eluding police is consistent with the nation's historical tradition of

firearms regulation. The court, therefore, does not reach the alternative rationale that his possession of a firearm in furtherance of drug trafficking was not within the scope of the Second Amendment.

IV. Vagueness challenge

In *Waulk*, the court rejected a similar vagueness challenge to § 922(g)(1) as meritless. The court explained:

> A criminal statute is impermissibly vague only if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008). Section 922(g)(1)'s plain text, however, is clear. It prohibits any person "who has been convicted in any court" of "a crime punishable by imprisonment for a term exceeding one year" from "possess[ing] in or affecting commerce, any firearm or ammunition[.]" 18 U.S.C. § 922(g)(1); *see also United States v. Harrison*, No. 23-CR-129, 2023 WL 6795588, at *20–21 (W.D. Pa. Oct. 13, 2023) (explaining that an individual "can easily determine whether he [or she] is covered by [§ 922(g)(1)] by examining his [or her] prior criminal convictions, and the statutory maximum prison terms for the crimes of conviction").

*Id.* at *8. The court explained that questions about the interplay between § 922(g)(1) and the protections under the Second Amendment did not undermine the clarity of the statute. *Id.* This court agrees with that analysis.

V. Conclusion

In summary, the motion to dismiss count III of the indictment (ECF No. 92) will be denied.

An appropriate order will be entered.

By the court,

Dated: November 5, 2024

/s/ Joy Flowers Conti  
Joy Flowers Conti  
Senior United States District Judge