IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) ) Criminal No. 22-218 |
| CHRISTIAN GRAHAM, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

Pending before the court is motion filed by counsel on behalf of Christian Graham ("Graham") for release on bond pending sentencing (ECF No. 145). The government filed a response in opposition to the motion (ECF No. 147) and the motion is ripe for decision.

Background

On February 26, 2025, Graham pleaded guilty to Counts 1 through 3 of the Indictment, which charged him with: (Count 1) Possession with Intent to Distribute and Distribution of a quantity of a mixture and substance containing 50 grams or more of Methamphetamine and quantities of cocaine and fentanyl on January 26, 2022, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and (b)(1)(C); (Count 2) Possession of a firearm in furtherance of drug trafficking on January 26, 2022, a violation of 18 U.S.C. § 924(c)(1)(A)(i); and (Count 3) Possession of a firearm by a convicted felon, on January 26, 2022, a violation of 18 U.S.C. § 922(g)(1).

Sentencing was set for July 2, 2025. At the request of Graham, the sentencing hearing was postponed several times. The sentencing hearing is now set for January 22, 2026 (ECF No. 144).

Graham pleaded guilty to three serious crimes. Graham faces a mandatory minimum 5-

year prison term at count 1; and an additional mandatory minimum 5-year prison term at count 2, which must run consecutive. In other words, Graham faces a mandatory mininum of 10 years in prison, by statute. By statute, he could be sentenced to life imprisonment at count 2.

According to the presentence investigation report ("PIR") (ECF No. 132), Graham's total offense level is 23 and his criminal history category is IV, which results in an advisory guideline calculation of 70 months to 87 months at the group of counts 1 and 3. With the statutory mandatory minimum consecutive prison term at count 2, the guideline range would be 130 months to 147 months. The court notes that Graham filed an objection to the PIR, which the court has not yet ruled upon.

Discussion

The issue whether to release a defendant who has pleaded guilty (and thereby lost the presumption of innocence) is governed by 18 U.S.C. § 3143. In Graham's situation, the relevant section is § 3143(a)(2), which provides:

> (2) The judicial officer shall order that a person who has been **found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142** and is awaiting imposition or execution of sentence **be detained unless**—
>
> > (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; **and**
>
> > (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added).

The statutory definition incorporated from § 3142(f)(1)(A), (B) and (C) provides, in relevant part:

> (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
>
> (B) an offense for which the maximum sentence is life imprisonment or death;
>
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46.

18 U.S.C. § 3142(f)(1).

Graham was found guilty of two offenses defined in § 3142(f)(1). Count 1 is a controlled substances offense for which the maximum term of imprisonment is ten years or more, as defined in subsection (C). Count 2 has a maximum sentence of life imprisonment, as defined in subsection (B). Thus, Graham shall be detained unless the court finds he satisfies both prongs of § 3143(a)(2)(A) and (B).

With respect to prong (A), the court cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted. Graham made knowing and voluntary pleas of guilty and no motion for acquittal or new trial was filed. The prosecution has not recommended that a non-custodial sentence be imposed on Graham. Indeed, Graham faces statutory mandatory prison terms and has been in custody for approximately 18 months, commencing after the court revoked his pretrial bond on July 20, 2023. In sum, Graham failed to satisfy prong (A).

The court, therefore, need not reach prong (B) and there is no need for a hearing. The court merely observes that based on the record before it, Graham failed to allege sufficient facts to show he is not likely to flee or pose a danger to any other person or the community. Graham

posits only that he reported back to jail, as ordered, after his father's funeral and that he has been "conduct free" at Indiana County Jail (ECF No. 145). Graham pleaded guilty to serious drug and firearm offenses, which pose a significant danger to the community, and he faces a lengthy sentence. The court also notes that Graham violated his conditions of pretrial bond and had his bond revoked.

Conclusion

For the reasons set forth above, Graham's motion for bond pending sentencing (ECF No. 145) will be DENIED.

An appropriate order will be entered.

By the court,

Date: November 19, 2025

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge